HEANEY, Senior Circuit Judge.
 

 A jury convicted Titus T. Moore and Vaughn R. Bradley of aiding and abetting the sale of crack cocaine within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 845a and 18 U.S.C. § 2. Bradley received a sentence of fourteen months imprisonment and six years supervised release, while Moore received a sentence of sixteen months imprisonment and six years supervised release. The district court gave both defendants 119 days credit toward their prison sentences for time spent in federal custody before and during trial and prior to sentencing. The court denied them credit, however, for seventy days they spent in state custody pending trial on subsequently dismissed state charges arising out of the same incident for which they were convicted in federal court. Moore and Bradley appeal from the district court's refusal to grant them credit for time spent in state custody. Bradley also appeals his conviction. We affirm in part and vacate in part.
 

 I.
 
 Credit for Time Served in State Custody
 

 Chapter 227 of the United States Code contains the following provision regarding the calculation of a term of imprisonment for a federal offense:
 

 Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
 

 (1) as a result of the offense for which the sentence was imposed; or
 

 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 

 that has not been credited against another sentence.
 

 18 U.S.C. § 3585(b) (1988). In denying the defendants’ requests for credit for time served in state custody, the district court reasoned that although their state detention arose from the same transaction for which they were convicted in federal court, it did not result from the “offense” for which they were being sentenced within the meaning of 18 U.S.C. § 3585(b)(1):
 

 
 *1031
 
 Now, the fact that the elements of the two crimes might be the same doesn’t mean that they are the same offense. One is an offense against the federal government, one entity. The other is an offense against the state government, which is another entity.
 

 Transcript of Hearing, Aug. 13,1990, at 40. The orders of judgment noted that the defendants would not receive credit for their time in state custody because “such state confinement was not so exclusively a product of such action by federal law enforcement officials as to justify treating the state incarceration as the practical equivalent of a federal one.”
 

 The Bureau of Prisons (BOP) disagreed with the district court’s interpretation of 18 U.S.C. § 3585(b), and concluded that both Moore and Bradley should receive credit toward their federal sentences for the seventy days they spent in state custody. Gene W. Gill, warden of the federal prison to which Moore and Bradley were committed, sent the district court a letter summarizing the BOP’s position and indicating that unless the court directed otherwise, the BOP would award Moore and Bradley the credit they sought. The district court responded that it disagreed with the BOP and that it would take no further action regarding Moore and Bradley’s sentences pending resolution of these appeals.
 
 [1]
 

 Section 3585, enacted as part of the Sentencing Reform Act, replaced section 3568, which stated in relevant part: “The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed.” 18 U.S.C. § 3568 (1982),
 
 repealed by
 
 Pub.L. No. 98-473, tit. II, § 212(a)(2), 98 Stat. 1987 (Oct. 12, 1984). Although section 3585 deletes the reference to the Attorney General, it does not specifically confer upon any other entity the responsibility for awarding credit for time served. Section 3585’s legislative history is silent regarding deletion of the reference to the Attorney General.
 
 See
 
 Comprehensive Crime Control Act of 1984, S.Rep. No. 225, 98th Cong., 2d Sess. 128-29,
 
 reprinted in
 
 1984 U.S.Code Cong. & Admin.News 3182, 3311-12.
 

 In
 
 United States v. Wilson,
 
 — U.S. —, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the United States Supreme Court decided that under section 3585(b), the appropriate credit for time spent in official detention is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing.
 

 The Attorney General has delegated this authority to the BOP.
 
 See
 
 28 C.F.R. § 0.96 (1990) (“The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons ... charged with or convicted of offenses against the United States____”). The BOP has concluded that both men deserve seventy days credit as a result of their state incarceration. Accordingly, we vacate those portions of the orders of judgment denying Moore and Bradley credit for time served in state custody.
 

 II.
 
 Bradley’s Conviction
 

 Bradley also challenges his conviction alleging insufficiency of the evidence, improper jury instructions, and prejudicial remarks by the prosecutor during closing argument. Regarding the sufficiency of the evidence to support Bradley’s conviction, we must view the evidence in the light most favorable to the government and accept all reasonable inferences supporting the conviction.
 
 United States v. Snelling,
 
 862 F.2d 150, 153 (8th Cir.1988). Applying this standard, we must reject Bradley’s claim.
 

 Bradley was among a group of eight to ten young men who were approached by two undercover law enforce-
 
 *1032
 
 merit agents seeking to buy crack cocaine. Bradley and another of the group, Leslie Marion, asked the officers whether they were police or members of a drug task force. When the agents denied such associations, Marion produced a plastic bag containing crack and gave one of the agents three rocks. The agent, in turn, gave Marion forty dollars. The agent then asked Marion if he could get one more rock for his money. Marion refused, but offered to return the agent’s money if he was dissatisfied. The agent declined, whereupon Bradley took the three rocks from the agent, examined them, and told the agent that he had gotten a fair deal for his money. While the evidence of Bradley’s participation makes his role in the transaction appear minimal compared to Marion’s, we cannot say that it is insufficient to support a conviction for aiding and abetting.
 

 Bradley also claims that the district court erred in giving the following instruction on witness credibility:
 

 In deciding what testimony to believe, consider the witness’s intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness’s memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.
 

 Bradley claims that this instruction may have nullified his credibility in light of his failure to complete high school as compared with the education and training of the law enforcement agents who testified. Bradley’s claim necessitates equating intelligence with education, an assumption we do not believe the jury made. Moreover, we believe that the instruction, as a whole, adequately advised the jury of the appropriate factors to consider in assessing witness credibility.
 
 See United States v. Stanley,
 
 765 F.2d 1224, 1239 & n. 13 (5th Cir.1985) (finding a similar jury charge adequate as given). The district court did not abuse its discretion in giving this instruction.
 

 Bradley finally contends that the prosecutor’s reference to him as a “drug consultant” during closing argument was unsupported by the record and unduly prejudicial. While the reference had but little support in the record and was provocative, we cannot say that it was so prejudicial as to require a reversal. We can only note that “name calling” adds little to an effective argument.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm Bradley’s conviction in all respects. We vacate those portions of the orders of judgment denying Moore and Bradley credit for time served in state custody.
 

 [1]
 

 . The government contends that the BOP’s willingness to award Moore and Bradley credit for time spent in state custody renders this issue moot. Because Warden Gill conditioned the grant of credit on the district court’s approval, however, and because the district court rejected the BOP’s position, we believe the district court's denial of credit remains a live issue.