**Barbara Bushway DESOUZA,
Petitioner, Appellant,**

v.

**UNITED STATES of America,
Respondent, Appellee.**

No. 92–2444.

United States Court of Appeals,
First Circuit.

Submitted March 31, 1993.

Decided June 14, 1993.

Barbara Bushway Desouza, on brief pro se.

Jeffrey R. Howard, U.S. Atty., and Jean B. Weld, Asst. U.S. Atty., on Motion for Summary Disposition for appellee.

Before TORRUELLA, CYR and BOUDIN, Circuit Judges.

PER CURIAM.

In March 1992, Barbara Desouza pled guilty to attempt and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. At sentencing on August 11, 1992, she received a two-level reduction in base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. She did not appeal her sentence. Effective November 1, 1992, section 3E1.1

---

was amended to permit an additional one-level reduction in base offense level for defendants who timely plead guilty so that the government does not have to prepare for trial. After the amendment, Desouza moved under 28 U.S.C. § 2255 to vacate, set aside or correct her sentence, citing the change in the guideline. The district court denied her motion, and she appealed. We now affirm.

In *United States v. Havener*, 905 F.2d 3 (1st Cir.1990), we considered whether an amendment of the career offender guideline, U.S.S.G. § 4B1.1, could be retroactively applied. The amendment had added a sentence to section 4B1.1 which permitted career offenders a reduction of two levels for acceptance of responsibility which had not been permitted under the preexisting guideline. We found that the amendment could not be applied retroactively because the new sentence was "not clarification; it [was] change." *Id.* at 5. We found our conclusion to be confirmed by the Sentencing Commission's explanation of the amendment; its explanation suggested that the amendment was not intended to clarify the guideline, but to "authorize" an acceptance of responsibility deduction in determining the offense level under section 4B1.1. In addition, U.S.S.G. § 1B1.10(d) lists the guideline amendments intended to be retroactive, but did not include the amendment of section 4B1.1. Accordingly, we concluded that the amended section 4B1.1 could not be applied retroactively. *Id.*

The analysis in *Havener* controls here. The amendment Desouza relies on is Amendment 459 to the Sentencing Guidelines. *See* U.S.S.G. Manual (1992), Appendix C, at 281–83. A review of that "amendment" shows that it actually deleted the entire text of the preexisting guideline and replaced it with the present section 3E1.1. The new guideline retained the old two-level reduction for acceptance of responsibility, albeit in modified form. In addition, amended section 3E1.1 permitted an entirely new one-level reduction

in offense level for defendants who qualified for the two-level reduction, had an offense level of 16 or greater before the two-level reduction was taken, and had assisted authorities in investigating or prosecuting their own misconduct by taking certain steps such as timely notifying authorities of an intent to enter a guilty plea.

There is no doubt that Amendment 459 substantively changed the preexisting guideline, and did not merely clarify it, and the Sentencing Commission's explanation of the purpose of the amendment confirms that. The Sentencing Commission stated that the amendment "provides an additional reduction of one level for certain defendants whose acceptance of responsibility includes assistance to the government in the investigation or prosecution of their own misconduct." *Id.* at 283. Although the Sentencing Commission can designate a substantive change as retroactive, the Sentencing Commission did not include this one in the list of those qualifying for retroactive application. U.S.S.G. § 1B1.10(d) (listing amendments designated as retroactive).[1] Accordingly, the district court had no authority to modify Desouza's sentence even if it thought that Desouza would under the new version qualify for the additional one-level reduction. *Havener*, 905 F.2d at 6–7 (applying this rationale to deny retroactive application of an amendment to the career offender guideline); *see also United States v. Caceda*, 990 F.2d 707 (2d Cir. 1993) (applying this rationale to deny retroactive application of Amendment 459).

We conclude that amended section 3E1.1 may not be applied retroactively to permit Desouza an additional one-level reduction for timely pleading guilty. The judgment of the district court is *affirmed.*

---

1. Where the Sentencing Commission designates a substantive change as retroactive, the court "may" reduce a previously imposed term in accordance with the change if the reduction is consistent with general sentencing factors and applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Unless a request for a reduction falls within this rubric, or one of the other exceptions specified in the statute, the court "may not modify a term of imprisonment...." 18 U.S.C. § 3582(c).