4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jettie YOUNG, Defendant-Appellant.
 No. 93-3089.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 N.D.Ohio, No. 92-00084; Sam H. Bell, J.
 N.D.Ohio
 AFFIRMED.
 BEFORE: MERRITT, Chief Judge; BOGGS, Circuit Judge, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Jettie Young, a pro se federal prisoner, appeals a district court order denying his motion for modification of a term of imprisonment, originally brought under 18 U.S.C. Sec. 3582(c)(2) and construed as brought under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Young was indicted in March 1992 on one count of conspiracy to distribute and to possess with intent to distribute cocaine, one count of possession with intent to distribute 867.9 grams of cocaine, and one count of using a firearm during and in relation to the commission of a drug trafficking crime. He pleaded guilty on May 15, 1992, to the count charging possession with intent to distribute 867.9 grams of cocaine. On September 11, 1992, the district court denied Young's motion to withdraw his guilty plea and sentenced him to the mandatory minimum sentence of 60 months imprisonment, followed by four years of supervised release. Judgment was entered on September 21, 1992. Young did not bring a direct appeal.
 
 
 3
 On December 12, 1992, Young filed a "Motion for Modification of Term of Imprisonment," pursuant to 18 U.S.C. Sec. 3582(c)(2). In this motion, he requested that his total offense level under the sentencing guidelines, which had already been reduced two levels for acceptance of responsibility, be reduced an additional level as provided by an amendment to U.S.S.G. Sec. 3E1.1(b) (eff. Nov. 1, 1992). The district court summarily denied the motion in a marginal order entered on January 7, 1993. On appeal, Young continues to argue that his case warrants the new three-level reduction. He also moves for transcripts at government expense.
 
 
 4
 Upon review, we affirm the district court's order because Young's appeal is moot and also because the amendment to U.S.S.G. Sec. 3E1.1 is not retroactively applicable.
 
 
 5
 Young's appeal is moot because he is already serving the mandatory minimum sentence available under the statute. See 21 U.S.C. Sec. 841(b)(1)(B)(ii); U.S.S.G. Sec. 5G1.1(c)(2). Even if Young's offense level were further reduced to level 23, which provides for a guideline range of 46 to 57 months, his sentence could not be reduced below the statutory mandatory minimum of 60 months. See U.S.S.G. Sec. 5G1.1(b) and comment.
 
 
 6
 In addition, the district court properly declined to apply the amendment to U.S.S.G. Sec. 3E1.1 retroactively because retroactive application is not consistent with the policy statements of the Sentencing Commission. Congress gave the Sentencing Commission the "unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." Braxton v. United States, 111 S.Ct. 1854, 1858 (1991). The amendment to U.S.S.G. Sec. 3E1.1(b), upon which Young relies, is contained in Amendment 459 in Appendix C of the guidelines manual. However, the Sentencing Commission did not include Amendment 459 in the list of amendments to which it gave retroactive application. See U.S.S.G. Sec. 1B1.10(d), p.s. Therefore, the district court lacked authority pursuant to 18 U.S.C. Sec. 3582(c)(2) to apply the additional one-level reduction for acceptance of responsibility retroactively. See Desouza v. United States, 995 F.2d 323, 324 (1st Cir.1993) (per curiam); United States v. Caceda, 990 F.2d 707, 710 (2nd Cir.1993); Conwell v. United States, Case No. 93-1128 (6th Cir. June 14, 1993) (unpublished order). The Sentencing Commission's recent solicitation of comments through the Federal Register regarding its proposal to add Amendment 459 to the list found in U.S.S.G. Sec. 1B1.10(d) does not alter this conclusion.
 
 
 7
 Accordingly, the motion for free transcripts is denied. The district court's order, entered January 7, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.