4 F.3d 982
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
William ROSA, Defendant, Appellant.
 No. 93-1696.
 United States Court of Appeals,
First Circuit.
 September 1, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 William Rosa on brief pro se.
 D.Mass.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 William Rosa was sentenced on January 6, 1992, to a prison term of 108 months for drug offenses. At sentencing, Rosa apparently received a two-level reduction in base offense level for acceptance of responsibility. Effective November 1, 1992, the United States Sentencing Commission amended sentencing guideline Sec. 3E1.1 to permit an additional one-level reduction in base offense level for persons eligible for the two-level reduction for acceptance of responsibility. Rosa sought to reduce his sentence pursuant to the amended guideline, claiming that the amendment should be applied retroactively. The district court denied his request. Because we have decided that the amendment in question is not retroactive, see DeSouza v. United States, 995 F.2d 323, 324 (1st Cir. 1993), we affirm the district court's denial of Rosa's request for a sentence reduction under amended Sec. 3E1.1.[1]
 
 
 2
 Affirmed.
 
 
 
 [1]
 On July 9, 1993, this court issued an order directing the district court to take action on Rosa's untimely notice of appeal, which we treated as a request to extend the time for filing a notice of appeal. As we indicate in our opinion, under DeSouza the judgment of the district court must be affirmed on the merits. Therefore, the jurisdictional issue presented by Rosa's untimely notice of appeal need not be addressed, see Amann v. Stow School System, 982 F.2d 644, 648 n.2 (1st Cir. 1992) (declining to consider whether a technically deficient notice of appeal conferred jurisdiction on the court since the district court's judgment was affirmed on the merits), and we hereby vacate our July 9th order