USCA1 Opinion

 

 September 1, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1696 UNITED STATES, Appellee, v. WILLIAM ROSA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ William Rosa on brief pro se. ____________ ____________________ ____________________ Per Curiam. William Rosa was sentenced on January __________ 6, 1992, to a prison term of 108 months for drug offenses. At sentencing, Rosa apparently received a two-level reduction in base offense level for acceptance of responsibility. Effective November 1, 1992, the United States Sentencing Commission amended sentencing guideline 3E1.1 to permit an additional one-level reduction in base offense level for persons eligible for the two-level reduction for acceptance of responsibility. Rosa sought to reduce his sentence pursuant to the amended guideline, claiming that the amendment should be applied retroactively. The district court denied his request. Because we have decided that the amendment in question is not retroactive, see DeSouza v. ___ _______ United States, 995 F.2d 323, 324 (1st Cir. 1993), we affirm _____________ the district court's denial of Rosa's request for a sentence reduction under amended 3E1.1.1 Affirmed. ________ ____________________ 1. On July 9, 1993, this court issued an order directing the district court to take action on Rosa's untimely notice of appeal, which we treated as a request to extend the time for filing a notice of appeal. As we indicate in our opinion, under DeSouza the judgment of the district court must be _______ affirmed on the merits. Therefore, the jurisdictional issue presented by Rosa's untimely notice of appeal need not be addressed, see Amann v. Stow School System, 982 F.2d 644, 648 ___ _____ __________________ n.2 (1st Cir. 1992) (declining to consider whether a technically deficient notice of appeal conferred jurisdiction on the court since the district court's judgment was affirmed on the merits), and we hereby vacate our July 9th order.