USCA1 Opinion

 

 September 10, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1292 LUIS F. MEJIA-GUTIERREZ, Plaintiff, Petitioner, v. UNITED STATES, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Luis F. Mejia-Gutierrez on brief pro se. _______________________ Charles E. Fitzwilliam, United States Attorney, Edwin O. Vazquez, ______________________ _________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. On October 25, 1989, Luis Mejia- ___________ Gutierrez pled guilty to one count of bringing cocaine on board an aircraft in violation of 21 U.S.C. 955. At sentencing on January 25, 1990, the district court granted Mejia-Gutierrez a two-level reduction in base offense level for acceptance of responsibility, and sentenced him to 70 months in prison. Effective November 1, 1992, the United States Sentencing Commission amended sentencing guideline 3E1.1 to permit an additional one-level reduction in base offense level for persons eligible for the two-level reduction for acceptance of responsibility. Mejia-Gutierrez sought to reduce his sentence pursuant to the amended guideline, claiming that the amendment should be applied retroactively. The district court denied his request. Because we have decided that the amendment in question is not retroactive, see DeSouza v. United States, 995 F.2d 323, 324 ___ _______ _____________ (1st Cir. 1993), we affirm the district court's denial of Mejia-Gutierrez's request for a sentence reduction under amended 3E1.1. Affirmed. ________