USCA1 Opinion

 

 October 5, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1289 UNITED STATES, Appellee, v. HERNANDO DUQUE JARAMILLO, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ___________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ___________________ Hernando Duque Jaramillo, on brief pro se. ________________________ Charles E. Fitzwilliam, United States Attorney, Jose A. _______________________ ________ Quiles-Espinosa, Senior Litigation Counsel, and Warren Vazquez, _______________ ______________ Assistant United States Attorney, on brief for appellee. __________________ __________________ Per Curiam. On January 16, 1990, appellant ___________ Hernando Duque-Jaramillo was sentenced to 60 months in prison for drug offenses. At sentencing, Duque-Jaramillo received a two-level reduction in base offense level for acceptance of responsibility. Effective November 1, 1992, the United States Sentencing Commission amended sentencing guideline 3E1.1 to permit an additional one-level reduction in base offense level for persons eligible for the two-level reduction for acceptance of responsibility. Duque-Jaramillo sought to reduce his sentence pursuant to the amended guideline, claiming that the amendment should be applied retroactively. The district court denied his request. Because we have decided that the amendment in question is not retroactive, see DeSouza v. United States, 995 F.2d 323, 324 ___________ ______________ (1st Cir. 1993), we affirm the district court's denial of Duque-Jaramillo's request for a sentence reduction under amended 3E1.1. Affirmed. _________ -2-