10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Alfonso A. BLANCO, Defendant, Appellant.
 No. 93-1495.
 United States Court of Appeals,
First Circuit.
 November 22, 1993
 
 Appeal from the United States District Court for the District of Rhode Island
 Alfonso A. Blanco on brief pro se.
 Edwin J. Gale, United States Attorney, Margaret E. Curran and Kenneth P. Madden, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Alfonso A. Blanco appeals pro se a district court order denying his motion for modification of sentence under 18 U.S.C. Sec. 3582(c)(2). We affirm.
 
 I.
 
 2
 In February 1989, Blanco pled guilty to three counts of possessing cocaine with intent to distribute, violations of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(C). The district court applied U.S.S.G. Sec. 2D1.1 in determining Blanco's offense level and, in April 1989, imposed a sentence of 84 months imprisonment. On appeal, we affirmed, inter alia, the use of a kilogram of cocaine for sentencing purposes despite Blanco's contentions that the charges to which he pled guilty involved only 125 grams of cocaine because the additional drug quantities were properly countable under U.S.S.G. Sec. 1B1.3(a) as part of the same conduct, scheme, or plan as the convicted offenses. United States v. Blanco, 888 F.2d 907, 909 (1st Cir. 1989). In April 1992, Blanco filed a pro se motion to vacate sentence under 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel, that his plea was involuntary, and that he was deprived his presentence report rights under Fed. R. Civ. P. 32. The district court denied the motion and we affirmed. United States v. Blanco, No. 92-2024 (1st Cir. Jun. 9, 1993). In December 1992, Blanco filed this motion for modification alleging that he was entitled to a reduction in sentence because of a November 1992 amendment to the commentary to guideline Sec. 2D1.1. Blanco contended that under Amendment 447, App. C at 269-71, which revised application note[1] 12 to Sec. 2D1.1, his offense level should be reduced because he was not reasonably capable of producing a kilogram of cocaine. In reply to the government's opposition to the motion, Blanco asserted, for the first time, that his attorney was ineffective in failing to raise the "capability" defense.[2]
 
 
 3
 The district court denied the motion for modification of sentence reasoning that the amendment on which Blanco relied was not retroactive because it was not specifically listed in guideline policy statement Sec. 1B1.10(d). That, the district court decided, effectively "closed the door" on the retroactive application of the amendment to Sec. 2D1.1. Blanco's principal argument on appeal is that he was improperly sentenced on the basis of a negotiated-for quantity of cocaine, a kilogram, that he was incapable of producing.
 
 II.
 
 4
 A sentence may be reduced only under extremely narrow circumstances. 18 U.S.C. Sec. 3582(c). "[T]he court may not modify a term of imprisonment once it has been imposed" unless "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Sec. 3582(c)(2). Contrary to Blanco's argument that policy statements, such as Sec. 1B1.10, are no more than interpretive guides, the Supreme Court has made plain that "[t]he principle that the Guidelines Manual is binding on federal courts applies as well to policy statements." Stinson v. United States, 113 S. Ct. 1913, 1917 (1993), citing Williams v. United States, 112 S. Ct. 1112, 1119 (1992) ("[A] policy statement [which] prohibits a district court from taking a specified action ... is an authoritative guide to the meaning of the applicable guideline.").
 
 
 5
 Moreover, "[i]n addition to the duty to review and revise the guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. 28 U.S.C. Sec. 994(u). This power has been implemented in Guideline Sec. 1B1.10, which sets forth the amendments that justify sentence reduction." Braxton v. United States, 111 S. Ct. 1854, 1858 (1991). In United States v. Havener, 905 F.2d 3, 7 (1st Cir. 1990), we noted that policy statement Sec. 1B1.10 "expressly forbids retroactive application" of an amendment not listed in Sec. 1B1.10(d). Section 1B1.10(a) provides, in pertinent part: "If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. Sec. 3582(c)(2) is not consistent with this policy." Neither Amendment 447 nor Amendment 136, both post-sentence commentary amendments to Sec. 2D1.1, see n.1, are included in Sec. 1B1.10(d)'s list of amendments intended to be retroactive. Thus, as the district court correctly found, Sec. 1B1.10 controls.[3] Since the Sec. 3582(c)(2) relief sought here is triggered only if a subsequent amendment to the Guidelines appears on the Sec. 1B1.10(d) list, it would be inconsistent with the Commission's policy statements to apply Amendment 447 or 136 retroactively and to reduce Blanco's sentence. See United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993); Desouza v. United States, 995 F.2d 323, 324 (1st Cir. 1993).
 
 
 6
 Accordingly, the district court's order is affirmed.
 
 
 
 [1]
 Note 12 of the commentary to Sec. 2D1.1 deals with types and quantities of drugs not specified in the count of conviction which may be considered, under Sec. 1B1.3(a)(2) (relevant conduct), in determining the offense level. The revision upon which Blanco relies states, in pertinent part:
 In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.
 The second sentence is identical to one formerly appearing in Sec. 2D1.4 (attempts and conspiracies), comment. (n.1), by virtue of Amendment 136, effective November 1, 1989. See App. C at 64. Amendment 447 deleted Sec. 2D1.4 and its application notes and moved much of that text into the Sec. 2D1.1 commentary. App. C at 270.
 In April 1989, when Blanco was sentenced, Sec. 2D4.1, comment. (n.1) provided, in part: "Where the defendant was not reasonably capable of producing the negotiated amount, the court may depart and impose a sentence lower than the sentence that would otherwise result." (Emphasis supplied). Amendment 136 replaced this sentence by the second sentence quoted above, and that replacement was carried over in Amendment 447.
 
 
 [2]
 Such claims are outside the scope of a Sec. 3582(c)(2) motion. Even if we were to construe this motion as a Sec. 2255 petition, since, as the discussion below indicates, Blanco has no legal right to benefit from the post-sentence amendments to Sec. 2D1.1, no prejudice resulted from the alleged ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 59 (1985)
 
 
 [3]
 It is also clear, see n.2 above, that Amendments 447 and 136 are more than mere clarifications of Sec. 2D1.1. See Havener, 905 F.2d at 5; see also Desouza v. United States, 995 F.2d 323, 324 (1st Cir. 1993)