30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
PETER M. CUMMING, Defendant, Appellant.
 No. 93-1960
 United States Court of Appeals,
First Circuit.
 August 9, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge ]
 Peter Clifford on brief for appellant.
 Peter M. Cumming on brief pro se.
 D.Me.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Peter M. Cumming, a federal prisoner, appeals his conviction and sentence following a guilty plea to eight counts of unlawful importation into the United States of the controlled substances diazepam and codeine phosphate on various dates in April and May of 1989. 21 U.S.C. Secs. 952(a) and 952(b). The sentence imposed was 78 months' imprisonment (the lowest level of the guideline range), four years of supervised release, no fine, and a felony assessment of $400. Cumming's court-appointed counsel has filed a renewed motion to withdraw[1] and briefs pursuant to Anders v. California, 386 U.S. 738 (1967), raising three potential grounds for relief, but concluding that none are meritorious and requesting that the appeal be dismissed as frivolous. Cumming has filed a supplemental pro se brief and two addenda raising additional issues. Our independent review of these filings and the record, which is now complete, fails to reveal any appellate issues of arguable merit.
 
 
 2
 Cumming was in the "business" of importing into the United States large quantities of diazepam (valium) and codeine phosphate from a supplier in England. Arrested there by Scotland Yard in April 1990, Cumming pleaded guilty to various counts charging him with assisting in or inducing the unlawful supply of controlled drugs, an offense punishable under United States law, and received two concurrent three and six-year sentences. Released from British custody in February 1993, Cumming returned to this country and was promptly arrested by DEA agents pursuant to a June 1990 109-count indictment charging him with unlawful importation of controlled substances into the United States.
 
 
 3
 At sentencing on August 20, 1993, Cumming made an oral motion for dismissal based on double jeopardy grounds. He contended that the British indictment and the United States indictment charged him with crimes involving illegal importation of the same drugs and that he had already served almost three years in the British prison system for what he characterized as the same offenses. Second, Cumming maintained that his arrest was illegal under 18 U.S.C. Sec. 4111[2] because of that foreign conviction. He conceded, however, that although he had been approved for a Sec. 4111 transfer, he had opted out because of the length of time he would have had to serve after the transfer. Finally, Cumming asked to be given credit for 34 months in British custody. The district court denied Cumming's motion for dismissal.
 
 
 4
 Counsel identifies three possible grounds for appeal: (a) double jeopardy and dual sovereignty issues arising out of the prosecutions in England, (b) defects in the change-of-plea proceeding, and (c) sentencing violations. Cumming's pro se brief essentially reiterates the arguments made at sentencing.
 
 
 5
 (a) Assuming that the British and United States convictions involve the same narcotics importation scheme and the same offenses under Blockburger v. United States, 284 U.S. 299, 304 (1932), it is well settled that successive prosecutions by two sovereigns for the same conduct are not barred by the double jeopardy clause of the Fifth Amendment. Heath v. Alabama, 474 U.S. 82, 88 (1985); United States v. A Parcel of Land with A Building Located Thereon, 884 F.2d 41, 43 (1st Cir. 1989). Nor does 18 U.S.C. Sec. 4111 afford Cumming any relief. Its protections can only be invoked if a defendant is transferred to the United States "for the purpose of execution in one country of a sentence imposed by the courts of another country." 18 U.S.C. Sec. 4101(j). Cumming does not (nor could he) claim that he was actually transferred in order to complete the execution of his foreign sentence, since that sentence was fully discharged in England.
 
 
 6
 (b) Our review of the change-of-plea colloquy clearly shows that Cumming's guilty plea was knowingly and voluntarily made. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). The factual basis of the plea was undisputed and, in response to the court's inquiries, Cumming stated that he understood the rights relinquished by his plea change and the concomitant sentencing exposure.
 
 
 7
 (c) Moreover, we perceive no apparent error in the district court's sentencing procedures or calculations. We observe that insofar as Cumming simply seeks federal credit for the time spent in British custody, a request for credit for prior custody under 18 U.S.C. Sec. 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. United States v. Wilson, 112 S. Ct. 1351, 1354 (1992) ("[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing."). Once administrative remedies are exhausted, see 28 C.F.R. Secs. 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, Wilson, 112 S. Ct. at 1355, by filing a habeas petition under 28 U.S.C. Sec. 2241. Koray v. Sizer, 21 F.3d 558, 559 (3d Cir. 1994); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993).
 
 
 8
 To the extent that Cumming's request for credit was a request for a downward departure under U.S.S.G. Sec. 5K2.0-i.e., that the prior foreign custody could properly be considered a mitigating factor-and assuming that Cumming contends that a mistake of law was made, the district court correctly found no reason to depart. Under Wilson, the authority vested in the Attorney General to compute prior jail- time credit cannot be circumvented by allowing a downward departure under U.S.S.G. Sec. 5K2.0, absent exceptional circumstances not present here. United States v. Daggao, F.3d , No. 93-10321, (9th Cir. Jul. 1, 1994), 1994 WL 288129. The caselaw is otherwise clear that Cumming's credit request was not a proper sentencing factor and thus was not yet ripe for review. See Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994); United States v. Huss, 7 F.3d 1444, 1448-49 (9th Cir. 1993); United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993); see also United States v. Moore, 978 F.2d 1029, 1030-31 (8th Cir. 1992).
 
 
 9
 In accordance with the dictates of Anders, 386 U.S. at 744, counsel adequately conveyed the potential conceivable issues for appeal and concluded that no arguable error exists. Careful review confirms that no arguably meritorious issues are raised by this appeal. Id. Appellant's motion to consider pro se supplemental briefs is granted. All other pending motions by appellant are denied.
 
 
 10
 The judgment of the district court is summarily affirmed under Loc. R. 27.1.
 
 
 
 [1]
 Counsel's previous withdrawal motion was denied pending review of the change-of-plea and sentencing transcripts
 
 
 [2]
 Section 4111 governs treatment of persons transferred to the United States after a foreign conviction and provides in part that:
 An offender transferred to the United States shall not bedetained, prosecuted, tried, or sentenced by the United States, or any State thereof for any offense the prosecution of which would have been barred if the sentence upon which the transfer was based had been by a court of the jurisdiction seeking to prosecute the transferred offender, ...