July 18, 1996
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1266

 UNITED STATES,
 Appellee,

 v.

 PETER M. CUMMING,
 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge] 
 

No. 96-1267

 UNITED STATES,
 Appellee,

 v.

 PETER M. CUMMING,
 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge] 
 

 Before

 Torruella, Chief Judge, 
 Boudin and Lynch, Circuit Judges. 
 

Peter M. Cumming on brief pro se. 
Jay P. McCloskey, United States Attorney, and Margaret D. 
McGaughey, Assistant United States Attorney, on brief for appellee. 
 
 Per Curiam. In No. 96-1266, the order denying 

appellant's motion for reduction of sentence is summarily

affirmed. See Loc. R. 27.1. Amendment 517 to the Sentencing 

Guidelines, which took effect in November 1995 and which

appellant seeks to invoke, is not among those listed in

U.S.S.G. 1B1.10(c) and so does not apply retroactively.

See id. 1B1.10(a) ("If none of the amendments listed in 

subsection (c) is applicable, a reduction in the defendant's

term of imprisonment under 18 U.S.C. 3582(c)(2) is not

consistent with this policy statement and thus is not

authorized."); see also, e.g., United States v. Lopez-Pineda, 

55 F.3d 693, 697 n.3 (1st Cir.), cert. denied, 116 S. Ct. 259 

(1995); Desouza v. United States, 995 F.2d 323, 324 (1st Cir. 

1993) (per curiam). Appellant's contention that the

Sentencing Commission lacks the authority to decide which

amendments will be given retroactive effect is mistaken. See 

Braxton v. United States, 500 U.S. 344, 348 (1991) (citing 28 

U.S.C. 994(u)). And the suggestion that his base offense

level (BOL) should have been capped at 20 is based on a

misreading of the Guidelines.1 1

  

 1 Several asterisked footnotes in the Drug Equivalency 1
Tables, see U.S.S.G. 2D1.1, comment. (n.10), state that 
"the combined equivalent weight of all Schedule I or II
depressants, Schedule III substances, Schedule IV substances,
and Schedule V substances shall not exceed 59.99 kilograms of
marihuana." (That weight, under the Drug Quantity Table in 
2D1.1(c), translates into a maximum BOL of 20.) Yet
appellant's conviction involved a Schedule II opiate rather 
than a depressant, along with a Schedule IV substance. The 
20-BOL cap is thus inapplicable. 

 -2-

 In No. 96-1267, the judgment dismissing appellant's 28

U.S.C. 2255 petition is summarily affirmed. See Loc. R. 

27.1. As the district court properly observed, the only

specific allegations of ineffective assistance of counsel

that were there advanced involve the assertion that a double

jeopardy defense was not adequately raised. This court

explicitly rejected appellant's double jeopardy argument on

direct appeal. See United States v. Cumming, No. 93-1960, 

1994 WL 413368, at *1 (1st Cir. 1994) (per curiam); see also 

Cumming v. United States, No. 94-2070, 1995 WL 463097, at *1 

(1st Cir. 1995) (per curiam) (noting that such claim had

earlier been rejected). As a result, the assertion that

counsel was ineffective in that regard necessarily falters.

 The motion for bail pending appeal is denied. 

 So ordered. 

 -3-