USCA1 Opinion

 

 July 18, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1266 UNITED STATES, Appellee, v. PETER M. CUMMING, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ No. 96-1267 UNITED STATES, Appellee, v. PETER M. CUMMING, Defendant, Appellant. ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Peter M. Cumming on brief pro se. ________________ Jay P. McCloskey, United States Attorney, and Margaret D. __________________ _____________ McGaughey, Assistant United States Attorney, on brief for appellee. _________ ____________________ ____________________ Per Curiam. In No. 96-1266, the order denying ___________ appellant's motion for reduction of sentence is summarily affirmed. See Loc. R. 27.1. Amendment 517 to the Sentencing ________ ___ Guidelines, which took effect in November 1995 and which appellant seeks to invoke, is not among those listed in U.S.S.G. 1B1.10(c) and so does not apply retroactively. See id. 1B1.10(a) ("If none of the amendments listed in ___ ___ subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized."); see also, e.g., United States v. Lopez-Pineda, ________ ____ _____________ ____________ 55 F.3d 693, 697 n.3 (1st Cir.), cert. denied, 116 S. Ct. 259 ____________ (1995); Desouza v. United States, 995 F.2d 323, 324 (1st Cir. _______ _____________ 1993) (per curiam). Appellant's contention that the Sentencing Commission lacks the authority to decide which amendments will be given retroactive effect is mistaken. See ___ Braxton v. United States, 500 U.S. 344, 348 (1991) (citing 28 _______ _____________ U.S.C. 994(u)). And the suggestion that his base offense level (BOL) should have been capped at 20 is based on a misreading of the Guidelines.1 1  ____________________ 1 Several asterisked footnotes in the Drug Equivalency 1 Tables, see U.S.S.G. 2D1.1, comment. (n.10), state that ___ "the combined equivalent weight of all Schedule I or II depressants, Schedule III substances, Schedule IV substances, and Schedule V substances shall not exceed 59.99 kilograms of marihuana." (That weight, under the Drug Quantity Table in  2D1.1(c), translates into a maximum BOL of 20.) Yet appellant's conviction involved a Schedule II opiate rather ______ than a depressant, along with a Schedule IV substance. The __________ 20-BOL cap is thus inapplicable.  -2- In No. 96-1267, the judgment dismissing appellant's 28 U.S.C. 2255 petition is summarily affirmed. See Loc. R. ________ ___ 27.1. As the district court properly observed, the only specific allegations of ineffective assistance of counsel that were there advanced involve the assertion that a double jeopardy defense was not adequately raised. This court explicitly rejected appellant's double jeopardy argument on direct appeal. See United States v. Cumming, No. 93-1960, ___ _____________ _______ 1994 WL 413368, at *1 (1st Cir. 1994) (per curiam); see also ________ Cumming v. United States, No. 94-2070, 1995 WL 463097, at *1 _______ _____________ (1st Cir. 1995) (per curiam) (noting that such claim had earlier been rejected). As a result, the assertion that counsel was ineffective in that regard necessarily falters. The motion for bail pending appeal is denied. ______ So ordered. __________ -3-