89 F.3d 824
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Peter M. CUMMING, Defendant, Appellant.
 Nos. 96-1267, 96-1266.
 United States Court of Appeals, First Circuit.
 July 18, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge]
 Peter M. Cumming on brief pro se.
 Jay P. McCloskey, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In No. 96-1266, the order denying appellant's motion for reduction of sentence is summarily affirmed. See Loc. R. 27.1. Amendment 517 to the Sentencing Guidelines, which took effect in November 1995 and which appellant seeks to invoke, is not among those listed in U.S.S.G. § 1B1.10(c) and so does not apply retroactively. See id. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."); see also, e.g., United States v. Lopez-Pineda, 55 F.3d 693, 697 n. 3 (1st Cir.), cert. denied, 116 S.Ct. 259 (1995); Desouza v. United States, 995 F.2d 323, 324 (1st Cir.1993) (per curiam). Appellant's contention that the Sentencing Commission lacks the authority to decide which amendments will be given retroactive effect is mistaken. See Braxton v. United States, 500 U.S. 344, 348 (1991) (citing 28 U.S.C. § 994(u)). And the suggestion that his base offense level (BOL) should have been capped at 20 is based on a misreading of the Guidelines.[1]
 
 
 2
 In No. 96-1267, the judgment dismissing appellant's 28 U.S.C. § 2255 petition is summarily affirmed. See Loc. R. 27.1. As the district court properly observed, the only specific allegations of ineffective assistance of counsel that were there advanced involve the assertion that a double jeopardy defense was not adequately raised. This court explicitly rejected appellant's double jeopardy argument on direct appeal. See United States v. Cumming, No. 93-1960, 1994 WL 413368, at * 1 (1st Cir.1994) (per curiam); see also Cumming v. United States, No. 94-2070, 1995 WL 463097, at * 1 (1st Cir.1995) (per curiam) (noting that such claim had earlier been rejected). As a result, the assertion that counsel was ineffective in that regard necessarily falters.
 
 
 3
 The motion for bail pending appeal is denied.
 
 
 4
 So ordered.
 
 
 
 [1]
 Several asterisked footnotes in the Drug Equivalency Tables, see U.S.S.G. § 2D1.1, comment. (n.10), state that "the combined equivalent weight of all Schedule I or II depressants, Schedule III substances, Schedule IV substances, and Schedule V substances shall not exceed 59.99 kilograms of marihuana." (That weight, under the Drug Quantity Table in § 2D1.1(c), translates into a maximum BOL of 20.) Yet appellant's conviction involved a Schedule II opiate rather than a depressant, along with a Schedule IV substance. The 20-BOL cap is thus inapplicable