United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-2411

United States of America,  *
   *
Appellee,   *
   *   Appeal from the United States
v.   *   District Court for the
   *   Western District of Missouri.
Dwight V. Seward, also known as   *   [UNPUBLISHED]
Vince,   *
   *
Appellant.   *

_____

Submitted:  June 6, 1997

Filed:  June 11, 1997

_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In 1992, Dwight V. Seward pleaded guilty to distributing cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a) and (b)(1)(B), 21 U.S.C. § 845a(a) (redesignated § 860), and 18 U.S.C. § 2.  The district court[1] sentenced him to 42 months' imprisonment and eight years' supervised release.  On four occasions between August 1994 and March 1996, while serving his supervised release, Seward

_____

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court  for the Western District of Missouri.

admitted to violating his supervised-release conditions. Each time, the district court continued him on supervised release and modified the conditions. Following a fifth claim by Seward's probation officer that Seward had violated his supervised release-- which Seward again admitted--the district court revoked his supervised release and sentenced him to 24 months' imprisonment and three years' supervised release. Seward appeals, and we affirm.

Initially, we reject Seward's argument that the district court improperly imposed eight years of supervised release as part of his original sentence. See 21 U.S.C. §§ 841(b)(1)(B), 860. We also reject Seward's challenges to his revocation sentence. The court was entitled to impose both imprisonment and additional supervised release, see 18 U.S.C. § 3583(h); United States v. St. John, 92 F.3d 761, 766-67 (8th Cir. 1996); the 24-month term of imprisonment and three-year term of supervised release were within the maximum authorized terms of imprisonment and supervised release for the offense, see 18 U.S.C. § 3583(b)(1), (e)(3); and the court was not required to credit Seward with time he previously served on post-release supervision, see 18 U.S.C. § 3583(e)(3).

Seward also complains that the district court failed to consider as periods of confinement the time he spent in an inpatient treatment program and in residence at a halfway house. To the extent Seward is arguing that the court should have reduced his sentence to allow for that time, his argument fails. See United States v. Moore, 978 F.2d 1029, 1031 (8th Cir.) (credit for prison time to be determined by Attorney General, who has delegated authority to Bureau of Prisons). If, on the other hand, Seward is arguing that the Bureau of Prisons has not given him proper credit, such a claim is not properly before us. Cf. Moreland v. United States, 968 F.2d 655, 656 (8th Cir.) (en banc) (claim for sentence credit was initiated through habeas corpus motion), cert. denied, 506 U.S. 1028 (1992).

Finally, we have considered and reject as contrary to the record or established law the contentions in Seward's pro se supplemental briefs.

The judgment is affirmed.

We deny Seward's motion to vacate his supervised release, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.