# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2213

_____

| | | |
|---|---|---|
| Henry David Potwin, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Linda Sanders, Warden, FCI-FC, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 15, 2007
Filed: August 16, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Henry Potwin appeals the district court's[1] order dismissing his 28 U.S.C. § 2241 petition, in which he claims that the Bureau of Prisons (BOP) improperly denied him credit toward his federal sentence for time previously served while in state custody. Potwin claims, among other things, that at his federal sentencing hearing the court ordered the BOP to credit him the time served.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

We agree with the district court that Potwin's argument fails because the time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (§ 3585(b) makes clear that defendant cannot receive double credit for detention time). We also agree with the district court that the Attorney General through the BOP (not the sentencing court) has the authority to award credit under section 3585(b) for time served. *See id.* at 333-36; *cf. United States v. Bradley*, 978 F.2d 1029, 1030-31 (8th Cir. 1992) (vacating district court's orders denying defendants credit for time served in state custody because BOP had authority to make determination and had concluded credit was deserved).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____