UNITED STATES of America, Appellee,

v.

James DOWTY, Appellant.

No. 93–1634.

United States Court of Appeals,
Eighth Circuit.

Submitted June 22, 1993.

Decided June 25, 1993.

James Dowty, pro se.

Diana Jo Ryan, Asst. U.S. Atty., Rapid City, SD, for appellee.

Before JOHN R. GIBSON, FAGG, and WOLLMAN, Circuit Judges.

PER CURIAM.

James Dowty appeals from the district court's[1] order denying his 18 U.S.C. § 3582(c)(2) motion for modification of his thirty-month sentence. For reversal, he argues that the 1992 amendment to U.S.S.G. § 3E1.1, which provided in certain cases for an additional one-level reduction for acceptance of responsibility, may be applied retroactively to reduce his sentence. For the reasons set forth below, we affirm.

On September 16, 1991, the district court sentenced Dowty to thirty months' imprisonment following his guilty plea to assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153, 113(c). In computing Dowty's sentencing range, the district court granted him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) (Nov. 1, 1991). Dowty did not appeal. On December 14, 1992, Dowty filed, pro se, a "Motion For Award Of Extra Point For Acceptance Of Responsibility." He argued that he was entitled to an additional one-level reduction in his offense level under amended U.S.S.G. § 3E1.1(b) (Nov. 1, 1992).

The government opposed Dowty's motion, contending that retroactive application of section 3E1.1(b) would be inconsistent with U.S.S.G. § 1B1.10(a), p.s. (Retroactivity of Amended Guideline Range) and thus not authorized by 18 U.S.C. § 3582(c)(2). The district court agreed and denied the motion. This appeal followed.

We have not yet addressed whether amended section 3E1.1 may be applied retroactively.[2] Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> .    .    .    .    .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a), which governs retroactive application of amendments, provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

As the district court observed, U.S.S.G. App. C, Amendment 459 (Nov. 1, 1992), which provided for the additional one-level reduction, is not listed in section 1B1.10(d).

The Second and the Fourth Circuits have addressed this issue and both have concluded that the amendment to section 3E1.1 does not apply retroactively. *See United States v. Caceda*, 990 F.2d 707, 710 (2d Cir.1993); *United States v. Soffos*, 993 F.2d 1541 (4th Cir.1993) (unpublished per curiam). In *Caceda*, the defendant's direct appeal was pending at the time the Commission amended section 3E1.1 to provide for the additional reduction, and, at oral argument, the defendant requested retroactive application of the amendment. The court rejected his claim, holding: "Only certain enumerated amendments are specified by the Guidelines as exceptions to the general rule that amendments are not to be applied retroactively, even though appellate review has not been

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. In *United States v. Williams*, 905 F.2d 217, 218 (8th Cir.1990), *cert. denied*, 498 U.S. 1030, 111 S.Ct. 687, 112 L.Ed.2d 678 (1991), we held that an amendment to section 3E1.1, which made acceptance of responsibility reductions available to career offenders and which became effective while the appeal was pending, did not apply retroactively.

concluded. Section 1B1.10(d) does not include the 1992 amendment to Section 3E1.1 in its list of retroactive amendments." *Caceda*, 990 F.2d at 710. Based on the language of section 3582(c)(2), Guidelines section 1B1.10(a), and the *Caceda* and *Soffos* holdings, we conclude that the amendment to section 3E1.1 does not apply retroactively.

The judgment is affirmed.