**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry AVILA, Defendant–Appellant.**

**No. 93–1063.**

United States Court of Appeals,
Tenth Circuit.

June 28, 1993.

Henry Avila, pro se.

James R. Allison, Interim U.S. Atty., Joseph T. Urbaniak, Jr. and John M. Hutchins, Asst. U.S. Attys., Mountain States Drug Task Force, Denver, CO, for plaintiff-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.[*]

PER CURIAM.

Mr. Avila appeals from the district court's order denying his motion for sentencing range reduction. *See* 28 U.S.C. § 2255; 18 U.S.C. § 3582(c)(2). We affirm.

The Sentencing Guidelines now permit a three-level downward adjustment for acceptance of responsibility in certain circum-

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-mination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

stances. *See* U.S.S.G. § 3E1.1(b) (Nov. 1, 1992) & app. C, amend. 459 (eff. Nov. 1, 1992). Mr. Avila contends that, under the rule of lenity and 18 U.S.C. § 3582(c)(2), the district court should reduce his sentence one level, because at the time he was sentenced, only a two-level downward adjustment was in effect.

Section 3582(c)(2) empowers a district court to reduce a term of imprisonment when a sentencing range has subsequently been lowered by the Sentencing Commission. However, such power is tethered to the factors contained in § 3553(a), including any pertinent policy statement of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The policy statements accompanying U.S.S.G. § 1B1.10 provide that if an amendment is not listed as covered, a reduction in sentence based on the amendment would not be consistent with the policy statement. U.S.S.G. § 1B1.10(a), p.s. Amendment 459, on which Mr. Avila relies, is not covered by the policy statement. *See* U.S.S.G. § 1B1.10(d), p.s. Thus, the amendment to § 3E1.1 cannot be applied retroactively and it may not serve as a basis on which to reduce his sentence. *See United States v. Rodriguez*, 989 F.2d 583, 587 (2d Cir.1993).

AFFIRMED.