7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gilberto GALINDO-SAUCEDO, Defendant-Appellant.
 No. 93-1081.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gilberto Galindo-Saucedo appeals the district court's order denying his motion pursuant to 28 U.S.C. 2255 (1988) for sentencing range reduction. We affirm.
 
 
 3
 A court may modify a term of imprisonment if the sentencing range is subsequently lowered by the Sentencing Commission. 18 U.S.C. 3582(c)(2) (1988). When Mr. Galindo-Saucedo was sentenced in 1990, he received a two-level downward adjustment for acceptance of responsibility under the guidelines then in effect. On November 1, 1992, Sentencing Guideline section 3E1.1(b) was changed to permit a three-level downward adjustment for acceptance of responsibility in certain circumstances. He now argues that under section 3582(c)(2) and the rule of lenity, his sentence should be retroactively reduced one level.
 
 
 4
 We recently decided the identical issue in United States v. Avila, No. 93-1063, 1993 WL 227705 (10th Cir.1993)(per curiam). There we said:
 
 
 5
 Section 3582(c)(2) empowers a district court to reduce a term of imprisonment when a sentencing range has subsequently been lowered by the Sentencing Commission. However, such power is tethered to the factors contained in 3553(a), including any pertinent policy statement of the Sentencing Commission. 18 U.S.C. 3553(a)(5). The policy statements accompanying U.S.S.G. 1B1.10 provide that if an amendment is not listed as covered, a reduction in sentence based on the amendment would not be consistent with the policy statement. U.S.S.G. 1B1.10(a), p.s. Amendment 459, ... is not covered by the policy statement. See U.S.S.G. 1B1.10(d), p.s. Thus, the amendment to 3E1.1 cannot be applied retroactively and it may not serve as a basis on which to reduce his sentence. See United States v. Rodriguez, 989 F.2d 583, 587 (2d Cir.1993).
 
 
 6
 Id. at * 1. Since 3E1.1 is not to be applied retroactively, we AFFIRM the district court's order denying defendant's motion.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3