### UNITED STATES of America

v.

### Leonard STAFFORD, Defendant.

### Cr. No. 89–55–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 27, 1993.

Michael T. Solis, Macon, GA, for U.S.

David A. Goldenberg, Southfield, MI, for Leonard Stafford.

## *ORDER*

OWENS, Chief Judge.

Before the court is defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. In 1989, defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine. This court awarded defendant a two-point reduction for acceptance of responsibility and sentenced plaintiff to 97 months. In 1992, the United States Sentencing Guidelines were amended to allow a three-level reduction for acceptance of responsibility for defendants with an offense level of 16 or above. U.S.S.G. § 3E1.1. Defendant contends that the amended guidelines should be applied retroactively to allow an additional one-point reduction for acceptance of responsibility.

Pursuant to 18 U.S.C. § 3582 a court may modify an imposed term of imprisonment if "a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered...." 18 U.S.C. § 3582(c)(2) (1993). The court, however, may reduce the term only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Section 1B1.10 of the United States Sentencing Guidelines sets forth the applicable policy statement of the Commission regarding retroactivity. U.S.S.G. § 1B1.10. Section 1B1.10(a) specifically states that if an amended section is not included within section 1B1.10(d), then the retroactive application of the amended section would be inconsistent with the policy statement. *Id.* 1B1.10(a). Amended section 3E1.1 is not included within section 1B1.10(d). Therefore, amended section 3E1.1 is not entitled to retroactive application. Although the Eleventh Circuit Court of Appeals has yet to rule on this issue, the First, Second, Eighth and Tenth Circuit Court of Appeals have all held that section 3E1.1 is not entitled to retroactive application. *United States v. Avila,* 997 F.2d 767 (10th Cir.1993); *United States v. Dowty,* 996 F.2d 937 (8th Cir.1993); *Desouza v. United States,* 995 F.2d 323 (1st Cir.1993); *United States v. Caceda,* 990 F.2d 707 (2d Cir.1993). Accordingly, defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED.**

**SO ORDERED.**