7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward James BOYD, Jr., Defendant-Appellant.
 No. 93-5256.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 W.D.Tenn., No. 91-20159; McRae, J.
 W.D.Tenn.
 AFFIRMED.
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Edward James Boyd, Jr., a pro se federal prisoner, appeals a district court order denying his motion for modification of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Boyd pleaded guilty to one count of possession with intent to distribute approximately 12.2 grams of cocaine base. He reserved the right to appeal the district court's denial of his motion to suppress evidence. The district court sentenced Boyd on December 19, 1991, to 63 months' imprisonment and 4 years' supervised release. This sentence was based upon a total offense level of 24, which incorporated a two-level decrease for acceptance of responsibility, and a criminal history category of III. Judgment was entered on January 2, 1992. A panel of this court affirmed Boyd's conviction on direct appeal. United States v. Boyd, No. 92-5412 (6th Cir. Apr. 22, 1993) (per curiam).
 
 
 3
 On December 21, 1992, Boyd filed a motion to modify his imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). The basis for the motion was an amendment to the sentencing guidelines, effective November 1, 1992, which provided for an additional one-level reduction for acceptance of responsibility in certain cases. The district court concluded that the relevant amendment was not retroactively applicable and denied Boyd's motion in an order filed on December 23, 1992. On January 11, 1993, Boyd filed a second motion to modify in which he asked the district court to reconsider its earlier decision. The district court denied this second motion in an order filed on January 25, 1993. Boyd's notice of appeal was filed on February 18, 1993.
 
 
 4
 On appeal, Boyd continues to argue that § 3582(c)(2) authorizes the district court to reduce sentences in accordance with guideline revisions, notwithstanding U.S.S.G. § 1B1.10 which governs the retroactivity of guideline amendments. The government has filed a motion to dismiss Boyd's appeal as untimely.
 
 
 5
 Upon review, we conclude that the motion to dismiss should be denied. As the government points out, Boyd's notice of appeal was filed outside of the 10-day time limit for criminal appeals. Fed.R.App.P. 4(b). However, we construe Boyd's pro se motion liberally as a motion to vacate brought pursuant to 28 U.S.C. § 2255; thus, his appeal is timely, see Fed.R.App.P. 4(a), and we have jurisdiction to decide the merits.
 
 
 6
 The district court properly declined to apply Amendment 459, which modified U.S.S.G. § 3E1.1 effective November 1, 1992, retroactively. Section 1B1.10(d), p.s., sets forth the amendments to the guidelines which the Sentencing Commission has determined are to be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2). Amendment 459, upon which Boyd relies, is not included in the list of amendments to which the Sentencing Commission gave retroactive application. Therefore, the district court lacked authority pursuant to 18 U.S.C. § 3582(c)(2) to apply the additional one-level reduction for acceptance of responsibility retroactively to Boyd's case. See United States v. Avila, 997 F.2d 767, 768 (10th Cir.1993) (per curiam); United States v. Dowty, 996 F.2d 937, 938-39 (8th Cir.1993) (per curiam); Desouza v. United States, 995 F.2d 323, 324 (1st Cir.1993) (per curiam); United States v. Caceda, 990 F.2d 707, 710 (2d Cir.1993); Conwell v. United States, Case No. 93-1128 (6th Cir. June 14, 1993) (unpublished order).
 
 
 7
 Accordingly, we deny the motion to dismiss, and affirm the district court's order, entered on January 27, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.