12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1787.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Bernard Williams appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Williams pleaded guilty to one count of conspiracy to distribute cocaine. As part of the plea agreement, the parties agreed that Williams's applicable offense level under the sentence guidelines would be twenty-four. This figure was based on an adjusted offense level of twenty-six and reflected a two-level reduction in the guideline range for acceptance of responsibility. With a Criminal History Category of I, the resulting guideline range was fifty-one to sixty-three months. The district court sentenced Williams to fifty-seven months imprisonment. Williams did not file a direct appeal from his conviction or sentence.
 
 
 4
 Williams subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. In his motion, he alleged that he should have received a four-level reduction in his guideline range for being a minimal participant and that he should receive an additional one-level reduction in his guideline range, because of a recent amendment to the guideline for acceptance of responsibility. The district court determined that his arguments were without merit and dismissed the case. Williams has filed a timely appeal. On appeal, he requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly denied Williams's Sec. 2255 motion. Williams has not met his burden of proving mitigating facts for his sentence by a preponderance of the evidence. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). Additionally, the recent amendment to U.S.S.G. Sec. 3E1.1 does not apply retroactively to Williams's case to permit an additional one-level reduction in his guideline range for acceptance of responsibility. See United States v. Avila, 997 F.2d 767, 768 (10th Cir.1993) (per curiam); United States v. Dowty, 996 F.2d 937, 938-39 (8th Cir.1993) (per curiam); Desouza v. United States, 995 F.2d 323, 324 (1st Cir.1993) (per curiam); United States v. Caceda, 990 F.2d 707, 710 (2d Cir.1993).
 
 
 6
 Lastly, Williams challenges for the first time on appeal the district court's consideration of certain "relevant conduct" in determining his sentence. As Williams has not previously raised this issue in the district court, this court will not consider it for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 Accordingly, we deny Williams's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation