UNITED STATES of America, Appellee,

v.

Tobias Louis HERNANDEZ, Appellant.

No. 93–3258.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 4, 1994.

Decided March 10, 1994.

Counsel who represented the appellant was Scott F. Tilsen of Minneapolis, MN.

Counsel who represented the appellee was Lynn A. Zentner, AUSA, of Minneapolis.

Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Tobias Hernandez, a federal prisoner, appeals from the district court's [1] order denying his motion for modification of his sentence. We affirm.

In January 1990, the district court [2] sentenced Hernandez to a total of 270 months' imprisonment and five years supervised release upon his guilty pleas to bank robbery and using a weapon during a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d), 924(c). In January 1993, Hernandez moved the court to reduce his sentence under 18 U.S.C. § 3582(c)(2) (when defendant has been sentenced to term of imprisonment based on sentencing range that is subsequently lowered by Sentencing Commission, court may reduce term if such reduction is consistent with applicable policy statements). He argued that he should receive the benefit of the November 1, 1992 amendment to U.S.S.G. § 3E1.1, which established an additional one-level reduction for acceptance of responsibility. He conceded that U.S.S.G. § 1B1.10, a policy statement, failed to list the section 3E1.1 amendment as among those that were retroactive, but he urged the court

---

1. The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota.

2. The Honorable Edward J. Devitt, late a United States District Judge for the District of Minnesota.

to ignore section 1B1.10, arguing that it was contrary to congressional intent. The district court refused to reduce Hernandez's sentence, stating that any reduction would be inconsistent with the Commission's policy statements and thus was impermissible under section 3582(c)(2). This appeal followed.

Hernandez acknowledges that we have held that the amendment to section 3E1.1 does not apply retroactively, based on section 1B1.10. *United States v. Dowty,* 996 F.2d 937, 938–39 (8th Cir.1993) (per curiam). He nevertheless argues that he is appealing the denial of his section 3582 motion on a different basis in that he is focusing on congressional intent.

■■■ Congress has provided that, "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). We think this language shows that the retroactivity decision here was left to the Commission's discretion. *See Braxton v. United States,* 500 U.S. 344, ——, 111 S.Ct. 1854, 1858, 114 L.Ed.2d 385 (1991) ("Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect") (citing 28 U.S.C. § 994(u)). Nothing in the statutes, legislative history, or Guideline commentary Hernandez cites supports his argument that the Commission ran afoul of congressional intent when it decided to make the amended section 3E1.1 non-retroactive. Although Hernandez correctly observes that the additional one-level reduction could create a significant sentencing reduction in his case, the district court properly concluded it lacked authority to apply the amended section 3E1.1 retroactively. *See Dowty,* 996 F.2d at 938–39.

Accordingly, we affirm.