UNITED STATES of America, Appellant,

v.

Thomas Michael WALSH, Jr., Appellee.

No. 93–2020.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1994.

Decided June 13, 1994.

---

Cameron W. Hayden, Asst. U.S. Atty., Bismarck, ND, for appellant.

William D. Schmidt, Bismarck, ND, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

The government appeals from the district court's judgment granting Thomas Michael Walsh Jr.'s motion for a reduction of his sentence originally imposed in July 1991. The district court granted the reduction based on a 1992 amendment to U.S.S.G. § 3E1.1 that provides for an additional one-level reduction for acceptance of responsibility in cases where the base offense level is 16 or greater. The government argues that the district court erred in granting the motion because the amendment to U.S.S.G. § 3E1.1 does not apply retroactively. We vacate the district court's judgment and remand for reimposition of the original sentence.

On July 1, 1991, the district court, after granting Walsh a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, sentenced him to 57 months of imprisonment for bank robbery. In January 1993, Walsh moved for resentencing, requesting an additional one-level reduction in his offense level based on the amendment, U.S.S.G. § 3E1.1(b), which became effective November 1992. *See* U.S.S.G.App. C, amend. 459 (Nov. 1, 1992). The district court granted Walsh's motion over the government's objection. The district court then recalculated Walsh's offense level and resentenced him to 51 months of imprisonment.

In *United States v. Dowty*, 996 F.2d 937, 938–39 (8th Cir.1993), we held that § 3E1.1(b) may not be applied retroactively. We determined that 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a sentence based on a postsentencing amendment to the Guidelines only if the reduction is consistent with applicable policy statements in the Guidelines. We concluded that under the policy statements in U.S.S.G. § 1B1.10, the amendment to U.S.S.G. § 3E1.1(b) was not retroactive. Applying *Dowty* to this case, we conclude that the district court improperly reduced Walsh's sentence.

To the extent Walsh contends that the government cannot appeal the district court's judgment in this case, we disagree. He argues that under 18 U.S.C. § 3742(b), the government may only appeal a sentence that was imposed in violation of law or as a result of an incorrect application of the Guidelines. He specifically contends that, at most, the district court deviated from a poli-

cy statement, U.S.S.G. § 1B1.10, not the Guidelines themselves and, therefore, that the district court could not have misapplied the Guidelines or acted in violation of law. He concludes that this is not a reviewable matter under 18 U.S.C. § 3742(b).

His argument, however, erroneously assumes that the policy statements in § 1B1.10 are not binding law in this case. First, Congress has given district courts authority to reduce a sentence based on a subsequent amendment to the Guidelines only when such a reduction is consistent with the applicable policy statements in the Guidelines. *See* 18 U.S.C. § 3582(c)(2). Hence, Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation. Any misapplication of those policy statements is a misapplication of the law as provided in 18 U.S.C. § 3582(c)(2) and which the government may appeal pursuant to 18 U.S.C. § 3742(b). Moreover, we have specifically held that "commentary and policy statements interpreting a guideline, *or prohibiting a district court from taking a specified action,* are authoritative and binding on the courts." *United States v. Levi,* 2 F.3d 842, 845 (8th Cir.1993) (emphasis added). Section 1B1.10 specifically prohibits district courts from taking action to apply amendments to the Guidelines retroactively that the Sentencing Commission did not intend to be applied retroactively. Accordingly, we hold that the policy statements promulgated in § 1B1.10 were binding on the district court and therefore that this matter is reviewable on appeal.

We conclude that the district court erred in retroactively applying the 1992 amendment to U.S.S.G. § 3E1.1(b) to reduce Walsh's sentence. Accordingly, we vacate the district court's judgment reducing Walsh's sentence to 51 months, and we remand this case with directions to reinstate Walsh's original 57–month sentence.