48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
James E. McCLINTON, Appellant.
 No. 94-2841.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 13, 1995.
Filed: Feb. 17, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 James E. McClinton appeals his 67-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We affirm.
 
 
 2
 The presentence report (PSR) indicated a base offense level of 40 under U.S.S.G. Sec. 2D1.1(a)(3), (c)(2), based on at least 5 but less than 15 kilograms of crack cocaine; a three-level reduction for accepting responsibility; a total offense level of 37; a criminal history category of I; and a Guidelines range of 210 to 262 months. McClinton filed objections to the PSR, arguing that he was entitled to a role reduction, and challenging the 100-to-1 ratio between the penalties for crack cocaine and cocaine.
 
 
 3
 At the June 1994 sentencing, the court overruled McClinton's challenge to the 100-to-1 ratio, determined he was a minor participant in the conspiracy, and reduced his offense level by two levels. The government made a substantial-assistance motion under both U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553. The court departed to an offense level of 26, sentenced McClinton to 67 months imprisonment and five years supervised release, and imposed on McClinton the cost of his supervision while on supervised release.
 
 
 4
 On appeal, McClinton again challenges the constitutionality of the 100-to-1 ratio between the penalties for crack cocaine and cocaine. We have repeatedly addressed and rejected such a challenge. United States v. Clary, 34 F.3d 709, 712-14 (8th Cir. 1994), petition for cert. filed, No. 94-7713 (U.S. Jan. 18, 1995); United States v. Maxwell, 25 F.3d 1389, 1396-97 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994).
 
 
 5
 McClinton also argues the case should be remanded for the district court to consider Guideline Amendment 505, which in November 1994 changed the base offense levels in the Drug Quantity Table and provided for a maximum base offense level of 38. If this Guideline were retroactively applied to McClinton's sentence, his starting base offense level would be two levels lower. See U.S.S.G. App. C, Amend. 505. We conclude, however, that this amendment should not be applied retroactively. We have held that "18 U.S.C. Sec. 3582(c)(2) authorizes a district court to reduce a sentence based on a postsentencing amendment to the Guidelines only if the reduction is consistent with applicable policy statements in the Guidelines," specifically U.S.S.G. Sec. 1B1.10. United States v. Walsh, 26 F.3d 75, 76 (8th Cir. 1994). Section 1B1.10 provides a comprehensive list of substantive Guideline Amendments which are to be applied retroactively and prohibits a court from applying non- listed amendments retroactively. Guideline Amendment 505 is not listed under section 1B1.10(c).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska