51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles A. NOVEY, Petitioner-Appellant,
v.
George KILINGER, Respondent-Appellee.
 No. 94-6385.
 United States Court of Appeals, Tenth Circuit.
 Mar. 24, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles A. Novey collaterally appeals his sentence pursuant to 28 U.S.C. 2255. Specifically, Mr. Novey alleges the sentencing court violated his due process rights by refusing to apply an amendment to U.S.S.G. 3E1.1 (Acceptance of Responsibility), which may have reduced Mr. Novey's base offense level by an additional point. He also alleges error in the sentencing court's use of a prior state conviction to enhance his sentence.
 
 
 3
 The district court dismissed Mr. Novey's 2255 motion. The court held Mr. Novey failed to present arguments sufficient to show cause and prejudice for his failure to assert these claims on direct appeal and failed to show ineffective counsel caused the oversight. We agree with the district court and affirm.
 
 
 4
 It is well established that 2255 is not available to test the legality of matters that should have been raised on direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). When Mr. Novey challenged his sentence on direct appeal, he did not raise the issue of the retroactive application of the acceptance of responsibility amendment nor the constitutionality of his prior state conviction. See United States v. Novey, 922 F.2d 624 (10th Cir.), cert. denied, 501 U.S. 1234 (1991). Mr. Novey's failure to address these issues "in his direct appeal bars review unless he can show cause and resulting prejudice." United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992). Mr. Novey does not argue cause and prejudice. Instead, he simply continues to argue the merits of his issues.
 
 
 5
 A court may reduce a sentence, on its own motion,[2] if the sentencing range has been lowered subsequently by the sentencing commission and if the reduction is consistent with sentencing commission policy statements. 18 U.S.C. 3582(c)(2). However, the Tenth Circuit has established a retroactive reduction in sentence is not available when the reduction is due to the amendment to the acceptance of responsibility provision. United States v. Avila, 997 F.2d 767, 768 (10th Cir.1993) ("[t]he policy statements accompanying U.S.S.G. 1B1.10 provide that if an amendment is not listed as covered, a reduction in sentence based on the amendment would not be consistent with the policy statement."). Mr. Novey argues this resolution violates his due process rights. Yet, not all amendments apply retroactively. Defendants are sentenced under the guidelines in effect at the time of their sentencing. Mr. Novey's right to due process has not been violated.
 
 
 6
 Accordingly, Mr. Novey is procedurally barred from raising his claims without showing cause for his procedural default. Thus, we AFFIRM the ruling from the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Novey did not make an 18 U.S.C. 3582(c)(2) motion