61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jerry Wayne COMBS, Appellant.
 No. 95-1404.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 10, 1995.
Filed: July 24, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Wayne Combs appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 In 1991, Combs pleaded guilty to a drug charge and was sentenced to 60 months' imprisonment and 48 months' supervised release, after receiving a two-level reduction for accepting responsibility. See U.S.S.G. Sec. 3E1.1. In November 1994, he filed this motion, seeking an additional one-level acceptance-of- responsibility reduction under U.S.S.G. Sec. 3E1.1(b), which became effective in November 1992, and a reduction in his sentence to 24 months under 18 U.S.C. Sec. 3553(f) ("Limitation on applicability of statutory minimums in certain cases"), which became effective in September 1994.
 
 
 3
 The magistrate judge recommended denial of Combs's motion, concluding that neither section 3E1.1(b) nor section 3553(f) applied retroactively. Combs objected, arguing that denial of the additional acceptance-of-responsibility reduction would violate his equal protection rights. After conducting de novo review, the district court denied Combs's motion. Combs then moved for relief under Federal Rule of Civil Procedure 60(b), arguing that the district court had discretion to reduce his sentence because section 3553(f) created "unequal legislative treatment" in violation of his equal protection rights. The district court denied the motion. Combs appeals and renews his equal protection arguments.
 
 
 4
 We begin by noting that because Combs's notice of appeal is timely as to both the order denying his Rule 60(b) motion and the order denying the underlying section 2255 motion, we review the denial of both motions. See Fed. R. App. P. 4(a)(4)(F), 4(c); United States v. Duke, 50 F.3d 571, 574-75 (8th Cir.1995).
 
 
 5
 We review the denial of Combs's section 2255 motion de novo and, as it was denied without a hearing, will affirm only if the motion, files, and records conclusively show he is not entitled to relief. See Duke, 50 F.3d at 576. Combs's argument that he was entitled to an additional one-level reduction under section 3E1.1(b) is foreclosed by United States v. Dowty, 996 F.2d 937, 938-39 (8th Cir.1993) (per curiam) and United States v. Walsh, 26 F.3d 75, 76 (8th Cir.1994). Nor was Combs entitled to a reduction in his sentence under section 3553(f), because it applies "to all sentences imposed on or after the 10th day beginning after the date of enactment." See 18 U.S.C. 3553(f) editorial notes; see also United States v. Polanco, 53 F.3d 893, 898 n.6 (8th Cir.1995) (noting that Sec. 3553(f) applies to sentences imposed after September 23, 1994).
 
 
 6
 Combs's equal protection arguments are equally unavailing. Combs has not shown he is in a "worse position than those who were sentenced at the same time as he under the laws applicable at that time." Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.Cir.1990) (per curiam); cf. United States v. Hayes, 929 F.2d 741, 742 (D.C.Cir.1991) (per curiam) (no constitutional authority for proposition that defendant can claim benefit of later-enacted statute lessening culpability level of crime after its commission); United States v. Sorondo, 845 F.2d 945, 948 (11th Cir.1988) (Congress empowered to enact laws lessening severity of earlier sentencing provisions and need not do so retroactively). We thus conclude the district court properly denied section 2255 relief. We also conclude the court did not abuse its discretion in denying the Rule 60(b) motion. See Sheng v. Starkey Lab., Inc., 53 F.3d 192, 194 (8th Cir.1995) (standard of review).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas