F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARIANO HERBERT HERRERA,

    Defendant-Appellant.

No. 97-2185
(D.C. No. CIV 97-543 JC/LFG)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Mariano H. Herrera, an inmate appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to correct his sentence, in which he requested a one-level downward adjustment under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1(b). We dismiss this appeal because we deny Mr. Herrera's application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Mr. Herrera pleaded guilty to armed robbery in violation of 18 U.S.C. § 2213(a) and (d), and aiding and abetting in violation of 18 U.S.C. § 2. He was subsequently sentenced in October 1990 to 220 months incarceration followed by five years supervised release. In computing Mr. Herrera's term of imprisonment, the district court granted a two-level downward adjustment to Mr. Herrera's base offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. Effective November 1, 1992, the United States Sentencing Commission amended § 3E1.1(b) to allow for an additional one-level downward adjustment if the defendant met certain requirements. *See* Amendment 459, U.S.S.G. App. C t 339 (1995); U.S.S.G. § 3E1.1(b).

Mr. Herrera filed a 28 U.S.C. § 2255 motion in the United States District Court for the District of New Mexico in April 1997 to vacate, set aside or correct

his sentence, contending he was entitled to an additional one-level downward adjustment because Amendment 459 to § 3E1.1(b) applied retroactively. The district court denied Mr. Herrera's § 2255 motion. The district court also ordered tht no certificate of appealability be issued.

Three issues are raised on appeal: (1) may Mr. Herrera proceed *in forma pauperis*; (2) did the district court err in denying his certificate of appealability; and (3) did the district court err in denying his § 2255 motion. We grant the petition to proceed in *forma pauperis* since Mr. Herrera has provided sufficient proof of his inability to pay the required fees. However, we affirm and dismiss this appeal because we deny his application for a certificate of appealability. Mr. Herrera has failed to make the substantial showing of the denial of a constitutional right required for issuance of a certificate of appealability under 28 U.S.C. § 2253(c).

The Antiterrorism and Effective Death Penalty Act requires a certificate of appealability be granted prior to a prisoner's appeal of a denial of a 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). The certificate of appealability may be issued only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Mr. Herrera contends he is entitled to a one-level downward adjustment to his sentence under U.S.S.G. § 3E1.1(b), because Amendment 459 applies retroactively. Mr. Herrera's claim is without merit. We construe Mr. Herrera's § 2255 motion as a motion under 18 U.S.C. § 3582(c)(2). Under 18 U.S.C. § 3582(c)(2), upon a defendant's motion, a district court may reduce a term of imprisonment when a sentencing range has subsequently been lowered by the United States Sentencing Commission. However, the court can only apply the lower sentencing range retroactively after considering the factors listed in 18 U.S.C. § 3553(a), and *if* the reduction is consistent with applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2).

In U.S.S.G. § 1B1.10(a), the policy statement on retroactivity of amendments, the Commission limited retroactive application of lowered sentencing ranges to amendments listed in § 1B1.10(c). Amendment 459, which Mr. Herrera contends applies retroactively, is not listed. *See* U.S.S.G. 1.B1.10(c). If an amendment is not listed, retroactive application of that amendment is not consistent with the Commission's policy statement. *See id.; United States v. Avila*, 997 F.2d 767 (10th Cir. 1993). Therefore, U.S.S.G. § 3E1.1(b), as amended, cannot be applied retroactively to reduce Mr. Herrera's sentence. Consequently, Mr. Herrera has failed to make a substantial showing of the denial

-4-

of a constitutional right, and accordingly, we deny his application for a certificate of appealability.

**DISMISSED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge