**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JESUS ANTONIO RUIZ-
DOMINGUEZ,

        Defendant - Appellant.

No. 02-2169
D.C. No. CR-01-991-JP
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jesus Antonio Ruiz-Dominguez ("Ruiz-Dominguez") appeals the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). Ruiz-Dominguez pleaded guilty to unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a) & (b)(2). On October 30, 2001, the district court sentenced Ruiz-Dominguez to 80 months in prison in accordance with U.S.S.G. § 2L1.2, which mandated a sixteen-level increase in the base offense level if the defendant had previously been deported after an aggravated felony conviction. The United States Sentencing Commission amended § 2L1.2 on November 1, 2001 by adopting Amendment 632. The amended version of § 2L1.2 provides for graduated increases in a defendant's base offense level of four, eight, twelve, or sixteen levels depending on the type of misdemeanor or felony for which the defendant had previously been convicted. Ruiz-Dominguez argues that his sentence should be modified according to the amended version of § 2L1.2.

A defendant is not entitled to a retroactive modification in his term of imprisonment under 18 U.S.C. § 3582(c)(2) based on an amendment to the sentencing guidelines unless the amendment is listed in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(a); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993). Amendment 632 is not listed in § 1B1.10(c). Ruiz-Dominguez also argues, however, that he is entitled to a retroactive modification in his sentence

-2-

because Amendment 632 was merely a clarification of § 2L1.2 and was not a substantive amendment. *See United States v. Kissick*, 69 F.3d 1048, 1052 (10th Cir. 1995) (holding that "even if an amendment is not listed in USSG § 1B1.10, sentencing and reviewing courts may still give retroactive effect to amendments that are clarifying as opposed to substantive" (quotation omitted)). Amendment 632 altered the entire text of § 2L1.2 providing for a new graduated sentencing scheme. Further, Amendment 632 altered the Sentencing Commission's pre-amendment interpretation of § 2L1.2. Accordingly, Amendment 632 is a substantive amendment. *See Kissick*, 69 F.3d at 1052-53.

Because Amendment 632 is not listed in § 1B1.10 and is a substantive amendment, Ruiz-Dominguez is not entitled to a reduction in his sentence. The district court's denial of Ruiz-Dominguez's motion to modify his sentence under 18 U.S.C. § 3582(c)(2) is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge