# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Kelvin Settle, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 28, 2003

Filed: December 3, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Kelvin Settle, a federal prisoner, appeals the district court's[*] order denying Settle's 18 U.S.C. § 3852(c)(2) sentence-reduction motion in which he sought retroactive application of Amendments 624 and 640 under U.S.S.G. § 1B1.10. On appeal, Settle also asks this court to take notice of Amendment 599. Having carefully reviewed the record, we conclude the district court did not commit error. A court may not grant a section 3582(c)(2) motion unless a reduction would be consistent with the

_____

[*]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

applicable policy statements found in U.S.S.G. § 1B1.10, and section 1B1.10 does not permit retroactive application of Amendments 624 and 640 in a section 3582(c)(2) proceeding.  Cf. United States v. Dowty, 996 F.2d 937, 938-39 (8th Cir. 1993) (per curiam) (amendment to U.S.S.G. § 3E1.1(b) could not be applied retroactively in § 3582(c)(2) proceeding when amendment was not listed in § 1B1.10(c)). Amendment 599 does not help Settle because it deals with relevant conduct in cases where the defendant is charged with a separate weapon offense, which did not occur in Settle's case.

We affirm the district court and deny Settle's pending motions.

_____