NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 5, 2009[*]
Decided March 13, 2009

*Before*

KENNETH F. RIPPLE, *Judge*

ILANA DIAMOND ROVNER, *Judge*

DIANE P. WOOD, *Judge*

No. 08-2659

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, |
| v. | Eastern Division. |
| | |
| VERNELL KELLY, | No. 05 CR 269 |
| *Defendant-Appellant*. | |
| | Elaine E. Bucklo, |
| | *Judge*. |

## ORDER

Defendant-Appellant Vernell Kelly was convicted by a jury on one count alleging that he possessed a firearm in or affecting commerce following a felony conviction, *see* 18 U.S.C. § 922(g)(1), and two counts charging him with possessing crack cocaine with the intent to distribute, *see* 21 U.S.C. § 841(a)(1). The district court

---

[*] Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this appeal was submitted to the panel of judges that disposed of Kelly's direct appeal of his conviction and sentence. *See United States v. Kelly*, 519 F.3d 355 (7th Cir. 2008). Neither party has included in its brief a statement indicating that oral argument is necessary, *see* Fed. R. App. P. 34(a)(1) and Circuit Rule 34(f), and upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of this appeal. The appeal was therefore submitted on the briefs and the record.

determined that Kelly's criminal history rendered him a career offender for sentencing purposes. *See* U.S.S.G. § 4B1.1. Kelly's status as a career offender specified an offense level of 34 – coincidentally the same offense level independently called for by the amount of crack cocaine he possessed along with the other characteristics of his offenses – and placed him in the highest criminal history category. The U.S. Sentencing Guidelines advised a total sentence in the range of 262 to 327 months. But the district court decided that a below-Guidelines sentence of 235 months was appropriate, citing as a mitigating circumstance the fact that Kelly had spent most of his youth as a ward of the state and "never had any role models and never had much of any opportunity." R. 85-9 at 21-22. The court therefore ordered him to serve concurrent prison terms of 120 months for the felon-in-possession offense (the statutory maximum) and 235 months for the narcotics offenses. Just over a year ago, we affirmed Kelly's conviction and his designation as a career offender in a published decision, *United States v. Kelly*, 519 F.3d 355 (7th Cir. 2008).

While Kelly's direct appeal of his conviction and sentence was pending, he filed pro se motions in the district court seeking a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute grants the district court the discretion to reduce a term of imprisonment previously imposed on a defendant where that term was based on a sentencing range that was subsequently reduced by the U.S. Sentencing Commission, so long as the reduction is consistent with the applicable policy statements of the Commission. The relevant policy statements are found in section 1B1.10 of the Sentencing Guidelines. Effective November 1, 2007, Amendment 706 to the Sentencing Guidelines reduced the base offense level applicable to offenses involving crack cocaine by two levels, thus resulting in lower sentencing ranges for such offenses, and on December 11, 2007, the Commission added Amendment 706 to the list of amendments set forth in Guidelines section 1B1.10(c) which may be applied retroactively, effective as of March 3, 2008. Based on this retroactive change, Kelly believed that he was entitled to both a two-level reduction in his offense level and de novo re-sentencing.

After the Federal Defender stepped in to represent Kelly on his motions and the district court solicited briefing as to Kelly's eligibility for relief, the court denied his request for a reduced sentence, concluding that Kelly's status as a career offender deprived the court of authority to reduce his sentence notwithstanding the Sentencing Commission's decision to retroactively reduce the offense level for the possession (with the intent to distribute) of crack cocaine. R. 107, 108. Guidelines section 1B1.10, which as we have mentioned sets forth the Sentencing Commission's statements of policy regarding sentencing modifications, states that it is not consistent with Commission policy for a court to reduce a previously-imposed prison term based on a retroactive reduction in the defendant's offense level if the reduced offense level does not have the effect of lowering the defendant's applicable Guidelines sentencing range. U.S.S.G. § 1B1.10(a)(2)(B). Application Note 1(A) (ii) reinforces this limitation, explaining that a reduction to a defendant's offense level

pursuant to a retroactive amendment to the Guidelines is not appropriate when, although the amendment "is applicable to the defendant, . . . the amendment [nevertheless] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." In this case, as the district court recognized, although Amendment 706 would have lowered the offense level governing Kelly's cocaine offenses, the career offender guideline still would have specified an offense level of 34. *See* U.S.S.G. § 4B1.1.

Kelly appeals. Although he acknowledges that Guidelines section 1B1.10 and its application notes by their terms render him ineligible for a sentence reduction pursuant to Amendment 706, he contends that section 1B1.10 cannot be treated as binding in the wake of the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), which rendered the Sentencing Guidelines advisory, and *Kimbrough v. United States*, --- U.S. ---, 128 S. Ct. 558 (2007), which held in accord with *Booker* that the Guidelines relating to crack cocaine offenses are advisory. Thus, he maintains that the district court has the discretion to reduce his sentence notwithstanding his status as a career offender. He relies principally on the Ninth Circuit's decision in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), in support of this view. But Kelly's argument is foreclosed by our recent decisions in *United States v. Forman*, 553 F.3d 585 (7th Cir. 2009) (per curiam), and *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009).

In *Forman* as in this case, the district court had denied the defendant's request for an Amendment 706 reduction in his offense level based on his status as a career offender. We affirmed that decision, noting that although Amendment 706 had reduced the offense level for Forman's crack-cocaine offense, his status as a career offender independently would have placed him at the (higher) offense level of 34 and boosted his criminal history category to the highest level of VI. "Amendment 706 provides no benefit to career offenders," we observed. 553 F.3d at 589. "Forman's guidelines range was 262 to 327 months before Amendment 706, and it remains so. Here, 'the amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guideline'—namely, the career offender provision." *Id.* at 590 (quoting U.S.S.G. § 1B1.10, cmt. n. 1(A)).

In *Cunningham*, we rejected the notion that it is contrary to *Booker* for a court to adhere to the limitations on retroactive sentencing relief set forth in Guidelines section 1B1.10. By virtue of Amendment 706, the defendants in *Cunningham* were eligible for, and had been granted, retroactive two-level reductions in their offense levels and commensurate reductions in their within-Guidelines sentences. But pursuant to the terms of Guidelines sections 1B.10(a)(3) and 1B1.10(b)(2)(A), which specify that a proceeding under section 3582(c)(2) is not a full resentencing and that a district court in such a proceeding may not reduce the defendant's sentence below

the minimum sentence called for by the amended Guidelines range, the district court had declined their requests for de novo resentencing and consideration of below-Guidelines sentences. We affirmed. We noted that in contrast to a complete sentencing or resentencing, a proceeding under section 3582(c)(2) is "a one way lever" that permits a court to reduce a defendant's sentence or leave it unchanged but not to increase it. 554 F.3d at 707. Thus, in contrast to the situation addressed by *Booker*, a defendant does not face the prospect of an increased penalty based on findings rendered by the court rather than a jury. *Id.* at 706-07. Moreover, "[t]he text of section 3582(c)(2) makes clear that Congress intended section 3582(c)(2) modifications to comport with the Commission's policy statements," and the policy statements set forth in Guidelines section 1B1.10 unequivocally precluded the de novo resentencing and the possibility of a below-Guidelines sentence that the defendants were seeking. *Id.* at 707. To treat the provisions of section 1B1.10 as merely advisory would thus be to ignore the express proscription of Congress set forth in section 3582(c)(2). *Id.*

> This last point bears elaboration, as it is the most important basis for our decision today. Original sentencing proceedings and sentence modification proceedings are legally distinct from one another. Original proceedings are governed by 18 U.S.C. § 3553 (a statute that was partially excised in *Booker*), while sentence modification proceedings are governed by 18 U.S.C. § 3582(c)(2). Contrary to the defendants' contention, there is no "inherent authority" for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that "the court may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c). When Congress granted district courts discretion to modify sentences in section 3852(c)(2), it explicitly incorporated the Sentencing Commission's policy statements limiting reductions. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.") Thus, the Commission's policy statements should for all intents and purposes be viewed as part of the statute. The policy statements make clear that section 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range (unless the defendant's original sentence was lower than the guideline range). *See* U.S.S.G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A). This limitation of the district court's power is not constitutionally suspect. Having chosen to create a modification mechanism, *Booker* does not require Congress to grant the district court's unfettered discretion in applying it. . . .

554 F.3d at 707-08 (footnote omitted). *Cunningham* thus declined to follow *Hicks*, as have other circuit courts of appeal. *See United State v. Fanfan*, --- F.3d ---, 2009 WL 531281, at *3-*4 (1st Cir. Mar. 4, 2009); *United States v. Melvin*, --- F.3d ---, 2009 WL 236053, at **3-**4 (11th Cir. Feb. 3, 2009), *pet'n for cert. filed* (U.S. Feb. 10, 2009) (No. 08-8664); *United States v. Starks*, 551 F.3d 839, 841-43 (8th Cir. 2009); *United States v. Dunphy*, 551 F.3d 247, 252-56 (4th Cir. 2009); *United States v. Rhodes*, 549 F.3d 833, 839-41 (10th Cir. 2008), *pet'n for cert. filed* (U.S. Jan. 21, 2009) (No. 08-8318).

*Forman* and *Cunningham* dispose of Kelly's arguments. *Forman*, in accord with the policy statements set forth in Guidelines section 1B1.10, holds that the sentencing relief that Amendment 706 otherwise makes available to those convicted of crack offenses is not available to career offenders, as their sentencing levels ultimately are driven by the career offender guideline. *Cunningham* in turn holds that treating section 1B1.10's policy statements as binding is fully consistent with Congress's directive in section 3582(c)(2) and with *Booker*.

We therefore AFFIRM the denial of Kelly's motions for reduction of his offense level and resentencing pursuant to section 3582(c)(2).